UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LEONA VAN NORMAN and JOHN VAN NORMAN, | ) ) ) | Civ. 08-4189-KES |
| Plaintiffs, | ) ) | ORDER DENYING IN PART AND GRANTING IN PART |
| vs. | ) ) ) | PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| RITTER-RITTENHOUSE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

Plaintiffs, Leona and John Van Norman, move for partial summary judgment. Defendant, Ritter-Rittenhouse Corporation, opposes the motion. The motion is denied in part and granted in part.

**FACTUAL BACKGROUND**

On November 28, 2005, Leona and John Van Norman checked into a Super 8 Motel in Mitchell, South Dakota, an entity owned and operated by Ritter-Rittenhouse Corporation. Docket 35, Plaintiffs' Statement of Material Facts, ¶¶ 4–5; Docket 44, Defendant's Response to Plaintiffs' Statements of Material Facts, ¶¶ 4–5. After receiving their second-floor room assignment, the Van Normans proceeded to the flight of stairs in the front desk area. Docket 35, ¶ 7; Docket 44, ¶ 7. As Leona ascended the stairs, she fell backward down the flight of stairs and sustained injuries, including pain in her hip. Docket

35, ¶ 8; Docket 44, ¶ 8; Docket 1, Complaint, ¶¶ 12, 18; Docket 5, Answer, ¶¶ 7, 10.

## PROCEDURAL BACKGROUND

The Van Normans filed a complaint on November 24, 2008, alleging negligence on the following grounds: failure "to properly construct and/or maintain hand railings;" failure "to provide a safe and accessible alternative to the second floor;" failure "to otherwise exercise reasonable care in the design, construction, and maintenance of [the motel's] premises;" and failure "to meet and adhere to the building codes of the City of Mitchell and other applicable building codes." Docket 1, ¶ 15. Further, John alleged a loss of consortium. Docket 1, ¶ 20. Ritter-Rittenhouse denied the allegations and alleged four affirmative defenses: contributory negligence, assumption of risk, comparative negligence, and failure to mitigate damages. Docket 5, ¶¶ 8, 11–14.

At the court's request, the Van Normans filed a Memorandum of Legal Issues on April 23, 2010. Docket 32. Soon after, the Van Normans supplemented their memorandum with a motion for partial summary judgment, in which they asserted that they were entitled to judgment on the issues of duty of care, breach of the duty of care, and the waiver of any grandfather rights defenses. Docket 34. Ritter-Rittenhouse opposes summary judgment on the issues of duty of care and breach. Docket 45.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 56(c)(2), summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (applying an almost identical standard). In assessing the aforementioned facts, the court views the evidence in the light most favorable to the nonmoving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (citations omitted).

A genuine issue of material fact arises "when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In such an instance, summary judgment would be inappropriate. *See Anderson*, 477 U.S. at 250 (noting that it is improper to grant dispositive motions such as summary judgment "[i]f reasonable minds could differ as to the import of the evidence"); *see also Casillas v. Schubauer*, 714 N.W.2d 84, 88 (S.D. 2006) ("Summary judgment is generally not feasible in negligence cases." (citations omitted)). But where the disputed issues are primarily legal in nature, "summary judgment is particularly appropriate." *Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council*, 271 F.3d 769, 775 (8th Cir. 2001).

## I.     Negligence

To recover on a claim for negligence under South Dakota law, a plaintiff must prove the following: (1) there was a duty of care owed by the defendant to the plaintiff, (2) the defendant breached that duty, (3) factual causation, or the plaintiff would not have suffered harm "but for" the defendant's breach, (4) proximate causation, or the harm suffered by the plaintiff was a foreseeable consequence of the defendant's breach, and (5) the plaintiff suffered damages as a result of the breach. *Lien v. McGladrey & Pullen*, 509 N.W.2d 421, 423 (S.D. 1993). Here, the Van Normans argue that Ritter-Rittenhouse had an undisputed duty of care and that it breached that duty. Therefore, the Van Normans assert that they are entitled to summary judgment on the elements of duty and breach.

### A.     Duty of Care

The Van Normans assert that Ritter-Rittenhouse, as the owner and operator of the Super 8 Motel in Mitchell, South Dakota, owe their guests, including the Van Normans, a duty of care—a duty which encompasses the proper construction and maintenance of handrails on staircases. Typically, "the existence of a duty, i.e. whether a relation exists between the parties such that the law will impose upon the defendant a legal obligation or [require the defendant to engage in] reasonable conduct for the benefit of the plaintiff, is to be determined by the court." *Cuppy v. Bunch*, 214 N.W.2d 786, 789 (S.D. 1974) (citations omitted).

For purposes of determining whether a landowner owes the entrants on his land a duty of care, South Dakota employs the common law classification of business invitee. *Janis v. Nash Finch Co.*, 780 N.W.2d 497, 501 (S.D. 2010). A business invitee includes any "business visitor . . . who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332(3); *see also Small v. McKennan Hosp.*, 437 N.W.2d 194, 199–200 (S.D. 1989) (citing and relying on the Restatement (Second) of Torts in concluding that the plaintiff was the defendant's "invitee").

"As a general rule, the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for the benefit of the invitee's safety, and the possessor is liable for the breach of that duty." *Mitchell v. Ankney*, 396 N.W.2d 312, 313 (S.D. 1986) (citations omitted). The duty to exercise reasonable or ordinary care is two-fold, *Janis*, 780 N.W.2d at 501, and includes the duty "to warn of concealed, dangerous conditions known to the landowner and to use ordinary care in active operations on the property," as well as "the duty to keep the property reasonably safe." *Mitchell*, 396 N.W.2d at 313–14.[1]

---

[1] According to the Restatement (Second) of Torts, a special relationship can exist between innkeepers and guests, which creates a duty that "extends to risks arising out of the actor's own conduct, or the condition of his land or chattels." Restatement (Second) of Torts § 314A cmt. d. The duty also "extends to risks arising from pure accident, or from the negligence of the plaintiff himself." *Id.* Although the South Dakota Supreme Court has referenced this

5

A landowner is only bound by the duty to warn when he has *knowledge* of dangerous conditions on his property. *Mitchell*, 396 N.W.2d at 313–14. The more general duty to keep the property reasonably safe, however, disregards the owner's knowledge of dangerous conditions, and instead attaches where there is a foreseeable risk of injury. *See Janis*, 780 N.W.2d at 502 ("Foreseeability, rather than knowledge, however, is the touchstone of the existence of the duty of reasonable or ordinary care." (citations omitted)). "A foreseeable risk of harm is one that would be anticipated by a reasonable person." *Id.* at 502–03. Although determining the foreseeability of harm often involves the assessment of facts and circumstances, the issue of foreseeability as it pertains to "defining the boundaries of a duty is always a question of law." *Smith ex rel. Ross v. Lagow Constr. & Dev. Co.*, 642 N.W.2d 187, 192 (S.D. 2002) (citations omitted).

In *Janis v. Nash Finch Co.*, 780 N.W.2d 497 (S.D. 2010), a man sued a supermarket for negligence after he slipped and fell on an icy rug located at the store's entrance. The trial court granted the defendant's motion for summary judgment on the basis that the defendant did not owe the plaintiff a duty of reasonable or ordinary care, and the plaintiff appealed. *Id.* at 500. After reviewing the case de novo, the South Dakota Supreme Court reversed,

---

special relationship, the court has yet to expressly adopt and apply it. *See Smith ex. rel. Ross v. Lagow Const. & Dev. Co.*, 642 N.W.2d 187, 191 (S.D. 2002) (referencing several special relationships set forth in the Restatement (Second) of Torts § 314A).

finding that because the plaintiff came to the supermarket for purposes of conducting business, and because "[i]t was foreseeable that a rug placed on a wet tile floor immediately inside a frequently opened door on a January day might involve an unreasonable risk of harm," the supermarket owed the plaintiff, its invitee, a duty of reasonable or ordinary care. *Id.* at 501–04.

Similarly, in the instant case, the Van Normans became business invitees of Ritter-Rittenhouse when they entered the Super 8 Motel in Mitchell, South Dakota, to conduct business on November 28, 2005. Therefore, Ritter-Rittenhouse owed the Van Normans a duty of reasonable or ordinary care—a duty defined by the foreseeability of injury. Given the facts of this case, this court finds that the risk of harm posed by the absence of handrails on each side of a stairway that did not extend the entire length of the stairway was foreseeable. If such a risk of harm was not foreseeable, building codes and franchise standards would not likely require that handrails be on both sides of a stairway and extend the entire length of the stairway. Docket 35, ¶¶ 10–11; Docket 44, ¶¶ 10–11. Therefore, Ritter-Rittenhouse had a duty to use reasonable or ordinary care in making its premises safe for business invitees such as the Van Normans.

### B. Breach of the Duty of Care

To establish a breach of the duty of reasonable care, the Van Normans must affirmatively establish that the construction and maintenance of the handrails in Ritter-Rittenhouse's Super 8 Motel fell below a reasonable or

7

ordinary standard of care. Significantly, "[w]hat constitutes due care and other questions relating to negligence and contributory negligence are generally questions of fact for the jury." *Lovell v. Oahe Elec. Coop.*, 382 N.W.2d 396, 399 (S.D. 1986) (citations omitted); *see also Johnson v. Matthew J. Batchelder Co.*, 779 N.W.2d 690, 694 (S.D. 2010) ("[G]enerally, once a duty is established, whether a breach of that duty occurred is for the finder of fact, not for the court." (citing *Casillas*, 714 N.W.2d at 88)). Summary judgment on the issue of a breach is only appropriate "when the evidence is such that reasonable men can draw but one conclusion from facts and inferences." *Wilson v. Great N. R.R. Co.*, 157 N.W.2d 19, 22 (S.D. 1968).

In *Mitchell v. Ankney*, 396 N.W.2d 312 (S.D. 1986), the South Dakota Supreme Court reversed a circuit court's grant of summary judgment, which originally found no breach of the duty of reasonable care. Because reasonable minds could disagree as to whether the presence of a hose on the defendant's front porch step rendered the property unsafe, the court held that "[a] jury should determine whether the defendants breached any duty of reasonable care." *Id.* at 313. The South Dakota Supreme Court again reversed a circuit court's grant of summary judgment on a negligence claim in *Johnson v. Matthew J. Batchelder Co.*, 779 N.W.2d 690 (S.D. 2010). There, the court found that a grant of summary judgment, which was based on the fact that neither party could iterate the cause of the plaintiff's fall, was improper. *Id.* at 693.

8

Rather, the court concluded that the case presented disputed issues of material fact that were better suited for a jury's determination. *Id.* at 694.

In the instant case, the Van Normans assert that applicable building codes and franchise standards required Ritter-Rittenhouse to construct and maintain handrails that extended the entire length of the staircase on both sides. Docket 34 at 9; Docket 35, ¶¶ 9–11, 13, 15; Docket 36, Ex. B at 7–8, 12–14, Ex. C at 3. Because Ritter-Rittenhouse has failed to provide any evidence of an alternative standard of care, the Van Normans argue that they are entitled to judgment as a matter of law. Docket 35, ¶ 14. Ritter-Rittenhouse, on the other hand, denies these allegations and argues that the Van Normans have failed to establish which building code applied to Ritter-Rittenhouse's Mitchell motel in November 2005. Docket 44, ¶¶ 9–10, 13, 15, 17. Further, Ritter-Rittenhouse asserts that the 2001 franchise standards did not apply to the motel in question. Docket 44, ¶¶ 11, 13, 15. Therefore, Ritter-Rittenhouse disputes the allegation that it failed to use reasonable or ordinary care to make its premises safe for customers. Docket 44, ¶¶ 14, 18–19.

In viewing the evidence in the light most favorable to the nonmoving party, Ritter-Rittenhouse, there are disputed issues of material fact with regard to whether Ritter-Rittenhouse breached its duty of reasonable or ordinary care. Because genuine issues of material fact exist for the issue of breach, summary judgment is denied on the negligence claim.

## II.     Grandfather Rights Defenses

The Van Normans' final contention is that Ritter-Rittenhouse has waived any grandfather rights defenses by failing to raise such affirmative defenses in the pleadings. Rule 8(c) of the Federal Rules of Civil Procedure requires that a defendant raise all affirmative defenses in the pleadings. If a defendant fails to raise an affirmative defense in the pleadings, the defense is generally waived and excluded from the case. *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997). The purpose of this restrictive pleading requirement "is to give the opposing party notice of the [affirmative defense] and a chance to argue, if he can, why the imposition of [the affirmative defense] would be inappropriate." *Blonder-Tongue Lab., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971).

Although the rule sets out a list of defenses that qualify as affirmative defenses, the list is non-exhaustive and encompasses "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Because grandfather rights defenses are not enumerated in Rule 8(c), the court must determine whether such defenses qualify as avoidances or affirmative defenses under Rule 8(c)'s catchall provision. To do so, the court considers three factors: (1) the allocation of the burden of proof; (2) whether the defense denies or avoids the plaintiff's allegations; and (3) whether notice of the defense is required to avoid surprise and undue prejudice to the plaintiff. *Red Deer v. Cherokee County*, 183 F.R.D. 642, 652 (N.D. Iowa 1999) (citations omitted).

First, an assertion of grandfather rights defenses, including absolute immunity and "one free injury," places the initial burden of proof on the party presenting the defense. Second, Ritter-Rittenhouse's defenses avoid, rather than deny, the Van Normans' allegations. Finally, a failure to provide the Van Normans with notice of such defenses would result in surprise and undue prejudice to the Van Normans, who would have little time to prepare legal arguments in response to such defenses. *See McCuen v. Polk County*, 893 F.2d 172, 174 (8th Cir. 1990) (explicitly recognizing absolute immunity as an affirmative defense). Accordingly, grandfather rights defenses are affirmative defenses under Rule 8(c).

Ritter-Rittenhouse has waived the right to assert grandfather rights defenses because it failed to raise its grandfather rights defenses in the pleadings. Additionally, Ritter-Rittenhouse failed to respond to the Van Normans' motion for summary judgment on this issue and by doing so failed to raise any disputed issues of material fact regarding its right to assert such defenses at this stage of the litigation. Thus, the Van Normans' motion for partial summary judgment as it pertains to the grandfather rights defenses is granted.

## CONCLUSION

Ritter-Rittenhouse, as the owner and operator of the Super 8 Motel in Mitchell, South Dakota, owes guests a duty of reasonable or ordinary care in making its premises safe for business invitees. But, because breach is a

question of fact for the jury, the Van Normans cannot establish, as a matter of law, that they are entitled to summary judgment on the negligence claim. Summary judgment is granted, however, on the grandfather rights defenses because Ritter-Rittenhouse failed to properly plead this defense in its answer or respond to the Van Normans' motion for summary judgment on this issue.

Therefore, it is

ORDERED that plaintiffs' motion for partial summary judgment (Docket 34) is denied in part and granted in part.

Dated August 19, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE